## UNITED STATES v. 169 BARRELS OF ETHYL ALCOHOL.

(District Court, E. D. Pennsylvania. August 20, 1926.)

No. 148.

**Intoxicating liquors ⬥251.**

Rights of judgment creditor, who has levied on alcohol, will be protected in subsequent proceeding to condemn such alcohol for guilty acts of owner, notwithstanding judgment was for money loaned to enable borrower to purchase alcohol.

Condemnation proceeding by the United States against 169 Barrels of Ethyl Alcohol, wherein a judgment creditor asserted a lien by virtue of a levy on such alcohol. Forfeiture decreed, with rights of lien claimant preserved.

George W. Coles, U. S. Atty., and Henry B. Friedman, Asst. U. S. Atty., both of Philadelphia, Pa., for the United States.

David S. Malis, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. There is no real question raised of the right of the libelant to have a judgment of condemnation visited upon this alcohol as against the original and guilty owner. The defense interposed is by a claimant, who sets up a right untainted, as is averred, by any participation in the guilty acts of the former owner. There is at least no evidence of any such guilt on the part of the claimant. The claimant is a judgment and execution plaintiff having a lien by virtue of a levy by the sheriff under a fi. fa. The state court has expressed the opinion that this is property upon which the levy might lawfully be made, subject to its purchase at any following sale by a lawful buyer. Had the condemning acts been committed before the levy, another question might have arisen. The return of the sheriff shows a levy upon the full quantity of alcohol. The unlawful withdrawal and inferred diversion must, in consequence, have been subsequent.

We can impute the guilt only to the former owner. There is in the National Prohibition Act (Comp. St. Ann. § 10138¼ et seq.) no specific procedural remedy given to innocent claimants, although their possible existence is recognized. The claimant here is not an owner. He has nothing more than a right of lien. This, however, we feel that we are bound to recognize. The only objection raised is that the loan of money for which the judgment was recovered was made to enable the borrower to purchase the alcohol. This seems to be a conceded fact. It may be and probably is true that in this way the money loaner may reap all the profits of the traffic, and yet provide himself with a means of escape from the penalties of a violation of its regulation. This possible, or even probable, administrative evil does not, however, justify a denial of a legal right. No law has been brought to our attention which condemns the loaning of money to one engaged in a lawful alcoholic traffic. Recognition of the legal rights of a lienholder does not, however, halt action against a guilty owner, nor proceedings to condemn a guilty product. The rights forfeited and those preserved may be distinguished.

The problem here presented is a practical, not an abstract, one of legal rights. The right of the libelant to a judgment of forfeiture is unchallenged by any defense. There is at least formal proof of the lien of the claimant, and no countervailing evidence. The rights of both libelant and claimant may be worked out through an appropriate order. Just what form this shall take we leave in the first instance to counsel to devise. A decree condemning the alcohol to forfeiture, preserving the rights of the claimant to the lien of his execution levy, after the payment of all costs, taxes, and charges, including the costs of the sheriff, may be submitted. We retain jurisdiction of the cause for the purpose of the entry of a formal decree to effectuate these ends.

Leave to submit drafts of such a decree is granted.